CHEHARDY, Judge.
Defendant was found guilty of disregarding a red light and fined $10.00 and costs. He has appealed from that judgment in the form of a writ.
The record reflects that defendant was involved in a traffic accident on the west bank of Jefferson Parish when his automobile collided with another vehicle at the intersection of the West Bank Expressway and Barataría Boulevard. He was charged in separate bills of information with driving while intoxicated (LSA-R.S. 14:98) and disregarding a red light (LSA-R.S. 32:232). The matters were consolidated for trial. He was found not guilty on DWI and guilty of the lesser charge.
In this court defendant contends the State has failed to prove beyond a reasonable doubt that he operated a motor vehicle and that he ran a red light.
Pertinent testimony on these issues was given at the trial by John C. Ducoing, driver of the other vehicle involved, and by Trooper Claynard Ross, who investigated the accident.
The accident occurred in the early morning hours on January 9, 1983. Mr. Duco-ing had been traveling south on Barataría Boulevard when he stopped for a red light at the intersection of West Bank Expressway. When the light turned green, he entered the Expressway intersection and was struck by the defendant vehicle which was traveling east on the Expressway.
Defendant vehicle was damaged on the left front, and Ducoing’s vehicle, a Lincoln, was struck with such force on the right-hand side that it was knocked about 64 feet and turned completely around. Mrs. Duco-ing was hurt. Her husband got out of his car, rushed to the other side and was unable to open her door, so he rushed back to the driver’s side. He saw Raynal’s car stopped at the neutral ground where it had run over some signs, and Raynal was standing outside and staggering in front of his car. Ducoing got a good look at Raynal and was able to identify him in court. Ray-nal received a head injury in the accident.
It is defendant’s contention that the evidence indicates only that his car stopped, that he was standing outside of it, and that this evidence only places him at the scene and does not prove that he was operating the vehicle.
Defendant does not dispute that it was his vehicle that was involved in the accident, only that the State has failed to prove that he was driving it at the time of the accident.
*603 No one else was observed at the Raynal vehicle nor was any evidence produced that anyone else had been in that vehicle at the time of the accident, and it is undisputed that Raynal received a head injury in the accident.
Under the standard set forth in Jackson v. Virginia, infra, and reiterated in State v. Wright, 445 So.2d 1198, 1201 (La.1984), we find the evidence was sufficient for the trial court to conclude beyond a reasonable doubt that defendant was operating his vehicle at the time of the accident.
The test, as set forth in State v. Wright, supra, is as follows:
“The constitutional standard for testing the sufficiency of evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt. Where circumstantial evidence is used to prove the commission of the offense, La. R.S. 15:438 mandates that: ‘Assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.’
“This Court has recognized that R.S. 15:438 is not a purely separate test from the Jackson standard to be applied instead of a sufficiency of the evidence test whenever circumstantial evidence forms the basis for the conviction. State v. Austin, 399 So.2d 158 (La.1981). Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. * * * ”
It is suggested that there is insufficient evidence to establish that defendant ran the red light. The testimony of Mr. Ducoing stands uncontradicted. He was stopped at the red light and waited until the light turned to green. There is no evidence whatsoever that the traffic light was malfunctioning, nor has defendant raised such a defense. Consequently, under the standard enunciated in the case cited above, we find the essential elements of the offense charged have been met.
CONVICTION AND SENTENCE AFFIRMED.